

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00215-CR

Obinna **EBIKAM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 553192
Honorable Crystal D. Chandler, Judge Presiding

Opinion by:   Sandee Bryan Marion, Chief Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Marialyn Barnard, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  October 3, 2018

AFFIRMED

Obinna Ebikam was convicted by a jury of assault causing bodily injury.  The only issue raised on appeal is whether the trial court erred in denying Ebikam's request for a jury charge on self-defense.  We affirm the trial court's judgment.

### BACKGROUND

Joy Ebo was injured after a confrontation with Ebikam at his apartment.  Ebo arrived at Ebikam's apartment after a woman answered his phone.  The woman was still present in Ebikam's apartment when Ebo arrived.

Ebikam was subsequently charged with committing the offense of assault bodily injury. With regard to the requested self-defense charge, the trial court stated the defendant was required to testify that he committed the act but did so in self-defense in order to be entitled to the charge. Defense counsel disagreed, arguing Ebikam was not required to testify that he meant to hurt Ebo, but only that he made contact with Ebo when he tried to prevent her from entering the door of his apartment. The trial court disagreed and denied the request. The jury found Ebikam guilty, and this appeal ensued.

## STANDARD OF REVIEW

"Our first duty in analyzing a jury-charge issue is to decide whether error exists." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "Then, if we find error, we analyze that error for harm." *Id*.

## DISCUSSION

In his brief, Ebikam argues, "Mr. Ebikam did not admit to intentionally or knowingly assaulting Ms. Ebo, but he did not have to. He was required to admit to the conduct with which he was charged, but that does not mean that he was required to admit to every statutory element of the off[ense]." Ebikam testified he tried to stop Ebo from entering his apartment because he was afraid of what she was going to do, and Ebo kept pushing on his door. Ebikam denied striking or hitting Ebo.[1] Ebikam argues he was entitled to the self-defense charge because he used force in trying to prevent Ebo from pushing his door open.

In support of his argument, Ebikam cites the same opinion in his brief that defense counsel cited to the trial court. In that case, the Houston court stated the law as follows:

> To be entitled to an instruction on self-defense, appellant was required first to admit the conduct charged in the indictment and then to offer evidence justifying the

---

[1] Ebo testified Ebikam hit her several times. Video from the investigating officers' body cams and photographs were introduced into evidence showing the injuries Ebo sustained.

conduct.  Admitting the conduct, however, does not necessarily mean admitting the commission of every statutory element of the offense.  Instead, a defendant can sufficiently admit the conduct alleged and justify a defensive instruction.  In addition, a defendant's repudiation of the specific actions his defense is meant to justify will not necessarily preclude a self-defense instruction when a defendant admits to some participation in the offense.

*Jackson v. State*, 110 S.W.3d 626, 631-32 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (internal citations omitted).  Ultimately, however, the Houston court held the appellant was not entitled to an instruction on self-defense in that case because appellant testified the complainant did not hit him; therefore, "viewing the evidence in the light most favorable to appellant, we are left with a picture in which appellant assaulted a person who never used or attempted to use unlawful force against him."  *Id*. at 632.

The Texarkana court has noted the Texas Court of Criminal Appeals has been inconsistent about whether a defendant must admit having committed the offense with which he or she is charged before being entitled to a defensive instruction.  *Hubbard v. State*, 133 S.W.3d 797, 799 (Tex. App.—Texarkana 2004, pet. ref'd) (comparing *Young v. State*, 991 S.W.2d 835, 858 (Tex. Crim. App. 1999) with *Willis v. State*, 790 S.W.2d 307, 314-14 (Tex. Crim. App. 1990 and *Golden v. State*, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993)).  The Texarkana court also noted the intermediate appellate courts are also inconsistent in their holdings; however, the court acknowledged this court has "strictly held that a defendant must specifically admit the offense, including the culpable mental state the crime requires."  *Id*. at 800 (citing *McGarity v. State*, 5 S.W.3d 223 (Tex. App.—San Antonio 1999, no pet.)).  More recently, this court reaffirmed its strict adherence to our position, noting "'a defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense *including* the culpable mental state, but interposes [a] justification to excuse the otherwise criminal conduct.'"  *Valverde v. State*, 490 S.W.3d 526, 528 (Tex. App.—San Antonio 2016, pet. ref'd) (quoting *Shaw*

*v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007)) (emphasis in original).  However, the Texas Court of Criminal Appeals has even more recently stated, "Admitting to the conduct does not necessarily mean admitting to every element of the offense."  *Gamino v. State*, 537 S.W.3d 507, 512 (Tex. Crim. App. 2017).

Regardless of whether a defendant generally has to admit to every element of an offense to be entitled to a self-defense instruction, we hold Ebikam had to admit to more than using force to push on the door to block Ebo's entry in order to be entitled to a self-defense charge in this case. In order to find Ebikam guilty, the jury was instructed in the jury charge that it had to find that Ebikam intentionally or knowingly or recklessly caused bodily injury to Ebo "by striking the complainant with the hand of the defendant."  Therefore, in order to be entitled to a self-defense instruction, Ebikam was required to admit that he struck Ebo with his hand but did so because he reasonably believed striking Ebo with his hand was immediately necessary to protect himself against Ebo's use or attempted use of unlawful force.  *See* TEX. PENAL CODE ANN. § 9.31(a) (West 2011).  Because the evidence did not contain any such admission by Ebikam, the trial court did not err in denying his request for a self-defense charge.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH