

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00239-CR

Juan Daniel **TORRES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 554313
Honorable Crystal D. Chandler, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Rebeca C. Martinez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: April 17, 2019

AFFIRMED

A jury found appellant Juan Daniel Torres guilty of assault—family violence. On appeal, Torres contends the trial court erred in refusing his request for a self-defense instruction. We affirm the trial court's judgment.

## BACKGROUND

Torres and his wife, Madelyn Maldonado, had an argument. Maldonado called police claiming Torres assaulted her. Police arrested Torres, and the State charged him with assault— family violence.

At the jury-charge conference, Torres requested a self-defense instruction. The State objected, arguing the instruction was not supported by the evidence. After argument by counsel, the trial court agreed the evidence did not support the requested instruction and denied Torres's request.

The jury convicted Torres of assault—family violence. The trial court probated Torres's sentence, placed him on two years' community supervision, and assessed a $500.00 fine. Torres perfected this appeal.

## ANALYSIS

Torres contends the trial court erred in refusing his requested self-defense instruction. The State counters, arguing Torres waived this issue, but even if he did not, Torres was not entitled to the requested instruction. We hold Torres did not waive the issue for review, but he was not entitled to a self-defense instruction.

### *Preservation of Error*

The State contends Torres waived the issue because the day after requesting the self-defense instruction, Torres's trial counsel affirmatively stated he had "no objection" to the court's charge, which did not include the previously requested instruction. The State points to *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007), providing defensive instructions must be requested to be considered applicable law of the case requiring submission to the jury, and *Thomas v. State*, 408 S.W.3d 877, 885–86 (Tex. Crim. App. 2013), holding that a statement of "no objection" is context-dependent. According to the State, when the holding in *Bennett* is coupled with the holding in *Thomas*, we must conclude Torres waived error because it is unclear from the record whether Torres intended to waive his prior request for a self-defense instruction. We disagree.

*Thomas*, which concerned alleged waiver relating to a motion to suppress, did not alter the law; rather, it merely clarified that statements of "no objection" are context-dependent, and therefore, waiver must be determined based on a review of the record as a whole. *See id.* at 885–86. Additionally, we have found no authority, nor has the State cited any, applying *Thomas* in the context of jury charge error. The Texas Court of Criminal Appeals has continuously held with regard to jury-charge error that a defendant's statement of "no objection" to an allegedly erroneous jury charge is the equivalent of a failure to object and is governed by the rules applicable to a failure to object. *See, e.g.*, *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (setting out standards for assessing harm when there is jury-charge error, whether objected to — some harm — or not objected to — egregious harm). In *Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008), which involved the trial court's failure to submit a defensive issue, the court specifically stated that under *Almanza*, "jury charge error is never completely forfeited; the lack of a request or objection merely affects the harm analysis."

Accordingly, because the court of criminal appeals has never held in these circumstances that charge error can be waived, we hold Torres's statement of "no objection," which was made after he requested a self-defense instruction, did not waive his right to challenge the trial court's failure to include the instruction in the charge.

### *Self-Defense Instruction*

Torres argues he was entitled to a self-defense instruction because the evidence supports its submission. The State contends Torres was not entitled to the requested instruction because he failed to admit to the offense of assault—family violence as charged in the information.

*Standard of Review*

We review a trial court's decision to exclude a defensive issue in the charge for an abuse of discretion. *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000) (en banc). However, with regard to the submission of defensive issues, "[w]hether a defense is supported by the evidence is a sufficiency question reviewable on appeal as a question of law." *Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007). In conducting our review, we view the evidence in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

*Applicable Law*

### 1. Submission of Defensive Issues Generally

A trial court must instruct the jury, when properly requested, on statutory defenses, affirmative defenses, and justifications raised by the evidence. *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007). A defensive issue is raised by the evidence if there is some evidence, regardless of its source, on each element of a defense that, if believed by the jury, would support a rational inference that the defense is true. *Krajovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013). An instruction is required when there is legally sufficient evidence to raise the defense, regardless of whether the evidence supporting the defense is weak or contradicted and even if the trial court is of the opinion that the evidence is not credible. *Elizondo v. State*, 487 S.W.3d 185, 196 (Tex. Crim. App. 2016). However, an instruction is not required if the evidence does not establish the defense. *Ex parte Nailor*, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004).

### 2. Self Defense

"Self-defense is a justification for otherwise unlawful conduct." *Whipple v. State*, 281 S.W.3d 482, 494 (Tex. App.—El Paso 2008, pet. ref'd) (citing *Giesberg v. State*, 984 S.W.2d 245, 249 (Tex. Crim. App. 1998)) *see* TEX. PENAL CODE ANN. § 9.31(a). Because self-defense is a

justification for one's actions, the assertion of the defense necessarily requires an admission that the conduct alleged by the State occurred. *See Shaw*, 243 S.W.3d at 659; *Valverde v. State*, 490 S.W.3d 526, 528 (Tex. App.—San Antonio 2016, pet. ref'd). Assertion of the defense is inconsistent with a denial of the conduct, *Ford v. State*, 112 S.W.3d 788, 794 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Sanders v. State*, 707 S.W.2d 78, 81 (Tex. Crim. App. 1986)), and a defendant is not entitled to an instruction on self-defense if "he claims that he did not perform the assaultive acts alleged…." *VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex. App.—Austin 2005, no pet.) (citing *Nailor*, 149 S.W.3d at 134). In other words, a self-defense instruction is appropriate only when the defendant essentially admits to every element of the charged offense, but introduces a justification to excuse his otherwise criminal conduct. *See Shaw*, 243 S.W.3d at 659; *Valverde*, 490 S.W.3d at 528.

Thus, a defendant is entitled to a self-defense instruction if there is some evidence he intended to use force against another and he did use force, but he did so only because he reasonably believed it was necessary to prevent the other's use or attempted use of unlawful force. *See* TEX. PENAL CODE § 9.31(a); *see also Shaw*, 243 S.W.3d at 659; *Valverde*, 490 S.W.3d at 528. A defendant's testimony alone may be enough to require a self-defense instruction, and the truth of the defendant's testimony is not at issue. *Jenkins v. State*, 468 S.W.3d 656 (Tex. App.—Houston [14th Dist.] 2015), *pet. dism'd*, 520 S.W.3d 616 (Tex. Crim. App. 2017) (per curiam) (citing *Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984)). "A trial court errs in denying a self-defense instruction if there is some evidence, from any source, when viewed in the light most favorable to the defendant, that will support the elements of self defense." *Gamino v. State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017).

*Application*

The information charged Torres with intentionally, knowingly, and recklessly causing bodily injury to Maldonado by striking and pushing her with his hand. Thus, to be entitled to a self-defense instruction, the evidence had to show Torres admitted assaulting Maldonado. *See Shaw*, 243 S.W.3d at 659; *Valverde*, 490 S.W.3d at 528. However, Torres denied assaulting Maldonado.

During direct examination, Torres testified he and Maldonado argued; she told him to leave. As he tried to get into his car, Maldonado jumped on his back. To remove her from his back, Torres testified he did not push her, but sat down on the ground with her on his back until she let go. Maldonado retreated and soon after, Torres left. Torres said Maldonado's actions were physical, but not aggressive.

Torres testified that when he returned, he noticed Maldonado was packing and had taken a jewelry box that belonged to him. When Torres took the jewelry box, Maldonado scratched his hand and arm, trying to take the box away from him. According to Torres, Maldonado then hit him and ripped his shirt. Torres testified that in response, he left the room. At that point, he heard Maldonado calling 911, claiming Torres was hitting her.

Contrary to Maldonado's testimony, Torres denied throwing Maldonado against the wall, hitting her, or holding her. During cross-examination, he reiterated his testimony from direct examination, stating he "definitely" did not hit, strike, or push Maldonado. When asked if he knew how Maldonado sustained her injuries, he denied knowing and then suggested she intentionally caused the injuries to herself.

Torres points to evidence showing Maldonado attacked and assaulted him, leaving Torres with wounds that, according to an officer, could have been defensive in nature. However, this evidence — taken as true — merely shows an unlawful use of force by the victim, it does not

establish an admission by Torres that *he* engaged in force. Rather, Torres was especially careful to deny committing any assaultive conduct, testifying he sat down and walked away from Maldonado's various attacks.

Even viewing the evidence in the light most favorable to Torres's requested self-defense submission, Torres never admitted any assaultive conduct. *See Bufkin*, 207 S.W.3d at 782. Neither Torres's testimony nor any other evidence in the record shows an admission by Torres to the charged conduct.

## CONCLUSION

Based on our analysis of the evidence under the proper standard of review, we hold the trial court did not err in refusing to include a self-defense instruction in the jury charge. We overrule Torres's sole appellate complaint and affirm the trial court's judgment.

Beth Watkins, Justice

Do Not Publish