

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00255-CR

Charles **BORTON**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. DC7029
Honorable Albert D. Pattillo, III, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 30, 2023

AFFIRMED

In this appeal, Appellant Charles Borton, Jr., appeals the legal and factual sufficiency of his conviction and challenges the trial court's evidentiary rulings as to Borton's reputation for both peacefulness and truthfulness.  We affirm.

## BACKGROUND

Borton was convicted of aggravated assault with a deadly weapon after an incident where he pulled out his gun at an HEB gas station in Fredericksburg.  Video surveillance footage from inside the cashier's kiosk at the gas station showed a silver pick-up truck pull up to a gas pump

and then a white car pull up on the opposite side. In the video, the man from the white car, later identified as the complainant, walked towards the cashier's kiosk on the silver truck's side of the pump. The men appeared to stand very close to each other. The man from the truck, later identified as Borton, appeared to block the complainant from passing. The complainant then appeared to stiff-arm Borton into the side of his own truck. Once the complainant passed and approached the cashier's kiosk, Borton could be seen taking an object from his side and raising his hand and arm up, pointing in the direction of the complainant at the cashier's window.

At trial, the State's first witness was an officer in Fredericksburg who was off duty at the time of the incident. He stated that he was buying gas when he heard arguing and then witnessed Appellant Borton point a gun at the complainant who was standing at the cashier's window. The officer testified that Borton said, "I'm going to shoot you, motherf—er."

Appellant Borton testified that the complainant physically confronted him and that, because of his own disabilities, he felt reasonably fearful and justified in displaying his firearm.

The complainant testified that he verbally confronted Borton, but that Borton became physically confrontational and refused to let him pass. The complainant stated he pushed Borton aside with his forearm and walked towards the cashier's kiosk. He stated that he noticed from the corner of his eye when Borton pulled out a chrome revolver. He testified that Borton threatened to shoot him and said he did not care that the complainant's daughter was in the car.

Borton disagreed with the complainant's account.

The cashier also testified. She stated that she did not see Borton remove a gun from a holster and that Borton kept his hand on his hip. The prosecutor pointed out that the cashier made a statement at the time of the altercation that she did see Borton point a gun in the direction of the man and her. The cashier agreed that her memory of events would have been more accurate closer to the time of the incident. But she testified that she was familiar with Borton as a customer and

stated that she knew he was a veteran. When asked if she was familiar with Borton's reputation for truthfulness in the community, she responded that he was a respectful customer. When asked about Borton's reputation for peacefulness, she stated that she only knew what other people told her. It was unclear what others might have told her about Borton or when, and the trial court did not allow her to continue on the subject. When asked about the complainant, she stated that she was unfamiliar with him and could not speak as to his reputation in the community.

Borton now appeals his conviction, arguing 1) the trial court should have allowed the cashier to testify as to his reputation for truthfulness and peacefulness, and 2) the evidence did not support the jury's implied rejection of self-defense. For the following reasons, we affirm.

### APPELLANT'S REPUTATION FOR PEACEFULNESS AND TRUTHFULNESS

#### A. Parties' Arguments

Borton argues that the trial court improperly excluded testimony about his reputation for peacefulness and truthfulness and that his conviction should be reversed as a result. The State argues that Borton failed to properly preserve his complaint for review. It argues that if he had, the trial court nevertheless correctly excluded the reputation testimony because Borton failed to show that the testifying witness was familiar with his reputation.

#### B. Standard of Review

"An appellate court reviews a trial court's decision to exclude evidence under an abuse of discretion standard." *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001) (citing *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996). But if an appellant fails to preserve an alleged error, then the appellate court cannot review the complaint. *See* TEX. R. APP. P. 33.1; *Golliday v. State*, 560 S.W.3d 664, 669 (Tex. Crim. App. 2018) (citing *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)).

**C.     Law**

Borton cites Texas Rule of Evidence 103(a)(2) in support of his argument on the admissibility of his reputation evidence with a citation, which states: "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and, if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2). However, Rule 103 "is entirely separate from Texas Rule of Appellate Procedure 33.1, which imposes the requirement of making a specific request, objection, or motion to preserve error on appeal." *Golliday*, 560 S.W.3d at 668–69 (citing TEX. R. APP. P. 33.1). In fairness, Rule 33.1 provides for the grounds of a complaint to be apparent from context. *See* TEX. R. APP. P. 33.1; *Booth v. State*, No. 05-18-00679-CR, 2019 WL 2482629, at *3 (Tex. App.—Dallas June 14, 2019, no pet.) (mem. op., not designated for publication); *Nash v. State*, No. 03-12-00456-CR, 2013 WL 4516182, at *3 (Tex. App.—Austin Aug. 21, 2013, pet. ref'd) (mem. op., not designated for publication). Nevertheless, "[a]ll error… may be waived by the failure to properly put the trial court on notice of the objection or request." *Reyna*, 168 S.W.3d at 177.

When an appellant wishes to appeal the trial court's decision to exclude evidence, he must have "put the trial court on notice as to what he wants, why he thinks he is entitled to it, in a clear enough manner for the court to understand him at a time when the court is in the proper position to grant relief." *King v. State*, No. 05-17-00965-CR, 2018 WL 4959415, at *1 (Tex. App.—Dallas Oct. 15, 2018, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 33.1(a)(1)(A); *Pena v. State*, 285 S.W.3d 459, 464–65 (Tex. Crim. App. 2009)). This concept is also known as "party responsibility." *Pena*, 285 S.W.3d at 463 (citing *Reyna*, 168 S.W.3d at 176). "Party responsibility" requires that "[t]he proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible." *Reyna*, 168 S.W.3d at 177. "The party must do

everything necessary 'to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question.'" *Id*. (citing *Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002)); 1 Stephen Goode, et al., Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal, § 103.2, at 14 (2d ed.1993)); *accord Golliday*, 560 S.W.3d at 670–71. Before we can reach the merits, it must be clear that the complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal. *Martinez*, 91 S.W.3d at 336 (citing *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998)).

## D.    Analysis

Here, it was clear from the record that Borton wanted to ask the HEB gas station cashier about his reputation in the community, first as to truthfulness and then as to peacefulness. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Reyna*, 168 S.W.3d 173, 180 (Tex. Crim. App. 2005) (Holcomb, J., dissenting). But when the prosecutor objected as to foundation, Borton provided no response:

DEFENSE:  And do you know Mr. Borton?

CASHIER:  I don't know him personally, but I have seen him in H-E-B many times.

DEFENSE:  Do you know his reputation for truthfulness in the community?

PROSECUTOR:  Objection, Your Honor.  This witness has no knowledge as to that issue.

TRIAL COURT:  Well, she — she can answer the question then.

CASHIER:  I've just known him to always been a, you know, respectful customer.  You know, he was a — he's a veteran, I know that.

DEFENSE:   And do you know his reputation in the community for peacefulness and law-abidingness?

PROSECUTOR:  Objection, Your Honor.  She has no knowledge of that.

DEFENSE:  Reputation.

TRIAL COURT:  Do you — do you know, Ms. —

CASHIER:  Only — only from what other people have told me.

TRIAL COURT:  Okay.  Sustained.

DEFENSE:  Okay.  Has anyone told you anything bad about Mr. Borton?

PROSECUTOR:  Objection, Your Honor.

TRIAL COURT:  Sustained.

DEFENSE:  All right.

There was no theory argued to the trial court as to why it should not sustain the State's objection.  *See Martinez*, 91 S.W.3d at 336.  Borton conceded when counsel responded "okay" and then changed course.  *See* TEX. R. APP. P. 33.1.  Whereas a party is expected to "do everything necessary 'to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question,'" Borton did nothing to preserve his complaints about the trial court's exclusion of reputation testimony.  *Reyna*, 168 S.W.3d at 177 (quoting *Martinez*, 91 S.W.3d at 336).  Because Borton provided no basis for the trial court to consider an error in its rulings regarding the admission of his reputation evidence, we conclude that he has waived his complaints on appeal.  Borton's first and second issues are overruled.

## LEGAL SUFFICIENCY AND SELF-DEFENSE

### A.    Parties' Arguments

Borton argues that the evidence supported his theory of self-defense and that the jury could not have rationally rejected it.  He argues that this court should enter a judgment of acquittal.  The State argues that the jury could have drawn multiple inferences from the evidence, and that it was within the jury's purview to disbelieve Borton's testimony.  The State concludes that, in deferring to the jury's implied credibility findings, Borton's legal sufficiency complaint should be overruled.

**B.     Standard of Review**

When reviewing the sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Witcher v. State*, 638 S.W.3d 707, 709–10 (Tex. Crim. App. 2022) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We use a hypothetically correct jury charge as our metric and view the evidence in the light most favorable to the prosecution. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Witcher*, 638 S.W.3d at 709–10. In viewing the evidence in the light most favorable to the prosecution, we do not reevaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.13 (naming the jury as "exclusive judge of the facts"). Rather, "we defer to the jury's assessment of the credibility of the witnesses and the weight to be given to their testimony." *Valverde v. State*, 490 S.W.3d 526, 528 (Tex. App.—San Antonio 2016, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010)). It is then our duty to decide whether the necessary inferences are reasonable based on the cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

When an appellant also challenges the jury's rejection of self-defense, we examine whether a rational jury could have rejected the defense beyond a reasonable doubt. *Dudzik v. State*, 276 S.W.3d 554, 557 (Tex. App.—Waco 2008, pet. ref'd) (citing *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991)). First, the appellant must have presented some evidence to support a claim of self-defense. *Id*. (citing *Zuliani v. State*, 97 S.W.3d 589, 594–95 (Tex. Crim. App. 2003)). Then, the State must have proven its case beyond a reasonable doubt, even considering the appellant's necessity defense. *See id*.

We note that the "issue of self-defense is a fact issue to be determined by the jury, which is free to accept or reject the defensive issue." *Dudzik*, 276 S.W.3d at 557 (citing *Saxton*, 804 S.W.2d at 912 n.5); *accord Valverde*, 490 S.W.3d at 528. "The statements of the defendant and his witnesses do not conclusively prove a claim of self-defense…." *Smith v. State*, 355 S.W.3d 138, 146 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Ultimately, we must determine whether the jury's verdict can be considered rational based on the evidence as a whole. *See Dudzik*, 276 S.W.3d at 557 (citing *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993)).

**C.    Law**

As applicable in this case, a person commits aggravated assault with a deadly weapon by 1) intentionally or knowingly 2) threatening another with imminent bodily injury 3) by exhibiting a deadly weapon. TEX. PENAL CODE ANN. §§ 22.01, 22.02; *Robinson v. State*, No. 05-20-00247-CR, 2021 WL 1921021, at *1 (Tex. App.—Dallas May 13, 2021, no pet.) (mem. op., not designated for publication); *Dixon v. State*, No. 05-22-00201-CR, 2023 WL 3963999, at *1 (Tex. App.—Dallas June 13, 2023, no pet. h.) (mem. op., not designated for publication).[1]

A defendant may justify aggravated assault with self-defense. *See* TEX. PENAL CODE ANN. § 9.31; *Dotson v. State*, 146 S.W.3d 285, 292 (Tex. App.—Fort Worth 2004, pet. ref'd). To do so, he must show that he reasonably believed his actions were immediately necessary to protect himself against another person's use or attempted use of unlawful force. *See* TEX. PENAL CODE ANN. § 9.31(a); *Dotson*, 146 S.W.3d at 292.

Self-defense does not apply to verbal provocation alone. *See* TEX. PENAL CODE ANN. § 9.31(b)(1); *Walters v. State*, 247 S.W.3d 204, 213 n.40 (Tex. Crim. App. 2007). It also does not apply if the defendant provoked the other person. *See* TEX. PENAL CODE ANN. § 9.31(b)(4); *Hanley*

---

[1] Contrary to Appellant's brief, exhibiting a deadly weapon is not synonymous with using deadly force. *See Gamino v. State*, 480 S.W.3d 80, 87 (Tex. App.—Fort Worth 2015) (citing TEX. PENAL CODE ANN. § 9.04).

*v. State*, 921 S.W.2d 904, 911 (Tex. App.—Waco 1996, pet. ref'd). That is, unless the defendant abandoned the encounter (or communicated his intent to do so if he believed he could not safely abandon the encounter), and the other person persisted in his use or attempted use of unlawful force against the defendant. *See* TEX. PENAL CODE ANN. § 9.31(b)(4); *Smith v. State*, No. 12-16-00329-CR, 2017 WL 4161594, at *2 (Tex. App.—Tyler Sept. 20, 2017, pet. ref'd) (mem. op., not designated for publication); *Stralow v. State*, No. 12-15-00224-CR, 2016 WL 625239, at *2 (Tex. App.—Tyler Feb. 17, 2016, no pet.) (mem. op., not designated for publication).

## D.    Analysis

The record shows that a jury could have reasonably believed beyond a reasonable doubt that Borton assaulted the complainant by threatening him with a gun. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02. The complainant testified that he and Borton argued about a gas pump and that Borton became physically confrontational when the complainant called him an a—hole. He testified that he used his forearm to push Borton aside to pass him and that Borton pulled out a gun at that point, stating "I'm going to shoot you, motherf—er." The surveillance video from the gas station, though not high quality, appears to confirm the complainant's version of events.

When shown the video of how Borton appears to block the man's path, Borton stated, "Once I was in fight and flight mode, everything was based on muscle memory. If I did that, it was not intentionally to block him." Borton criticized the reliability of the footage in general. He stated, "[I]t's almost like it's missing frames, important frames in my situation. But the frames where I drew my firearm, the frames when — when he attacked me. He — he didn't hit me with his arm, he hit me with his head. And — and his arm. And then at one point he threw his other arm and I thought he was going to try to pull me down and slam me into the ground."

Borton argues that the evidence supports his theory of self-defense. However, his argument could not succeed if the jury disbelieved his testimony. *See Valverde*, 490 S.W.3d at 529. The

jury was free to reject his testimony and adopt the testimony of other witnesses. *See Smith*, 355 S.W.3d at 146. For example, the off-duty officer who witnessed the altercation testified that Borton pointed his gun at the complainant and stated, "I'm going to shoot you, motherf—er," while the complainant was facing away from him. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02. The witness's testimony corroborated the complainant's testimony. Based on their testimony, the jury could have believed that Borton was the aggressor. *See* TEX. PENAL CODE ANN. § 9.31(b); *Hooper*, 214 S.W.3d at 14.

Borton argues that he was extremely physically infirm and 100% disabled. First, it is unclear what it means for Borton to be 100% disabled. Second, any information about the effect of Borton's past injuries on his physical condition at the time of the altercation came only from Borton's testimony. *See Smith*, 355 S.W.3d at 146. The jury might have doubted the extent of Borton's physical infirmities after watching the surveillance video and hearing testimony that suggested Borton physically provoked the complainant. *See Valverde*, 490 S.W.3d at 529.

Borton argues that he "was completely caught by surprise when the complainant, in an angry rage, charged at [him] and screamed at the top of his lungs three times at [him], 'What do you think you're doing.'" However, his testimony differs from the complainant's. The complainant testified that he said to Borton, "Hey, what's — what's wrong, you didn't see me or what?" He said that Borton responded, "Shut the f— up. Get — get the f— out of here." Here, the jury could have chosen to believe the complainant over Borton. *See id*.

There are several examples of these discrepancies, all dependent on the jury's interpretation of witness credibility. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13; *Valverde*, 490 S.W.3d at 529. Based on the evidence as a whole, we cannot conclude that the jury was irrational to evaluate witness credibility against Borton's favor. *See Hooper*, 214 S.W.3d at 15–16. Borton's argument that evidence was presented to support his theory of self-defense 1) does not show that the jury's

decision to reject it was unreasonable or irrational, and 2) does not render the evidence in support of his conviction legally insufficient. *See Smith*, 355 S.W.3d at 146. Accordingly, we overrule Borton's legal sufficiency complaint.

### FACTUAL SUFFICIENCY

Borton argues that we should review the jury's rejection of self-defense for factual sufficiency, because "[a] reviewing court may evaluate an affirmative defense for legal and factual sufficiency." However, contrary to Borton's assertion, "[s]elf-defense is a defense, not an affirmative defense." *Dudzik v. State*, 276 S.W.3d 554, 557 (Tex. App.—Waco 2008, pet. ref'd) (citing *Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991)). Therefore, "both legal and factual sufficiency challenges to the jury's rejection of self-defense [are reviewed] under the *Jackson v. Virginia* standard." *Rankin v. State*, 617 S.W.3d 169, 182 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). We overrule Borton's factual sufficiency complaint.

### CONCLUSION

First, because Borton did not preserve error as to the trial court's rulings on his reputation evidence, we considered those complaints waived. Next, the record showed sufficient evidence to support Borton's conviction. His legal sufficiency complaints turned on the jury's evaluation of witness credibility. Therefore, we overruled Borton's legal sufficiency complaint in favor of deferring to the jury's implied findings. His factual sufficiency complaints depended on self-defense being classified as an affirmative defense. Because self-defense is not an affirmative defense, we overruled Borton's factual sufficiency complaint. Accordingly, the trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

Publish